Case 4:25-cv-01562   Document 33   Filed on 09/15/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Limelight Trading Cards, LLC, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-25-1562 |
| | § | |
| David Fye, Logan Cox, and | § | |
| Black Label Breaks, LLC, | § | |
|    *Defendants*. | § | |

## ORDER

Pending before the court is Defendants David Fye, Logan Cox, and Black Label Breaks, LLC's (collectively, "Defendants") Motion to Transfer Venue. ECF No. 15. Defendants ask the court to transfer this case to the Fort Worth Division of the Northern District of Texas. Defendants' Motion to Transfer Venue is **DENIED**.

### *1. Background and Procedural Posture*

On January 19, 2021, Defendant David Fye formed Fye Sports Cards, LLC (Fye Sports Cards). ECF No. 24-1 at 8. The following year, Fye opened a sports card and rare sports collectible brick-and-mortar retail outlet in Colleyville, Texas. ECF No. 26 at 128. Facing financial difficulties, on April 10, 2024, Fye Sports Cards filed for bankruptcy in the Bankruptcy Court for the Southern District of Texas in Houston. ECF No. 24-1 at 8; ECF No. 26 at 131, 133.

Limelight Trading Cards, LLC (Limelight), through its principal, David Wallace, expressed interest in purchasing Fye Sports Cards' assets through the bankruptcy. *Id.* Fye Sports Cards and Limelight entered into an Asset Purchase Agreement, which was approved by the Bankruptcy Court on September 27, 2024. ECF No. 24-1 at 2, 4, 36. The Asset Purchase Agreement required

the Seller—Fye Sports Cards—to "sell, transfer, assign, convey, and deliver, or cause to be delivered" to Limelight the "assets," including include "all of the tangible and intangible assets and property of Seller . . . ." *Id.* at 40, 42.

On November 26, 2024, Fye Sports Cards announced on its Facebook page that it was now known as Limelight Trading Cards. ECF No. 24-8 at 2; *see also* ECF No. 26 at 43. With Fye Sports Cards dissolved, Fye began working with Limelight to market and sell trading and sports cards. *See* ECF No. 26 at 48, 75, 135. Fye accomplished this, in part, using a private Facebook group called Black Label Breaks (BLB)—a group Fye created in February 2020. ECF No. 24-2 at 3; ECF No. 26 at 63, 70. Between 60% to 65% of Limelight's weekly sales occurred through the BLB Group. ECF No. 26 at 93. Though Fye used the BLB Group to advance Limelight's business, he never changed the name or logo of the group to reflect Limelight's logo or ownership. *Id.* at 58, 145.

Fye ultimately resigned from his role in Limelight on February 14, 2025. ECF No. 26 at 145. Four days after his resignation, Fye removed Limelight and Limelight personnel from the BLB Group, restricting Limelight's access to the group entirely. ECF No. 1-1 at 5. Additionally, in the present suit, Wallace has alleged that, following his resignation, Fye failed to return to Limelight assets that Limelight purchased, including "redemption" cards, the Fye Sports Cards Facebook Page, and the Fye Sports Cards Whatnot[1] account. ECF No. 26 at 95. Fye maintains that Limelight did not acquire the BLB Group through its purchase of Fye Sports Cards' assets. *Id.* at 143.

On April 4, 2025, Limelight sued Fye, Black Label Breaks, LLC (Fye's new business), and Logan Cox. ECF No. 1. Limelight

---

[1] "Whatnot" is an online marketplace, similar to a "live" version of eBay. Sellers can use Whatnot to auction cards. ECF No. 26 at 76.

2

makes several claims against the Defendants, including for trademark infringement, false designation of origin and unfair competition, violation of the Bankruptcy Court's Confirmation Order, breach of fiduciary duty, tortious interference with existing and prospective relations, and theft. *Id.* Limelight requested a temporary restraining order, which the court denied. ECF No. 4.

Limelight then sought a preliminary injunction to require Defendants to transfer the Whatnot account, the redemption cards, and the BLB Group to Limelight. ECF No. 1. Following a hearing, the court granted Limelight's request for preliminary injunction as to the redemption cards, the Fye Sports Cards Facebook Page, and the Fye Sports Cards Whatnot account, but denied Limelight's request for preliminary injunction as to the BLB Group. ECF Nos. 28, 30.

On April 22, 2025, Defendants filed a Motion to Transfer Venue to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404. ECF No. 15. Limelight filed its response opposing transfer on April 28, 2025. ECF No. 22.

### 2. *Legal Standard and Analysis*

Section 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[D]istrict courts have broad discretion in deciding motions to transfer; they need only grant such a motion where the evidence demonstrates that the destination venue is 'clearly more convenient' than the [plaintiff's] chosen venue." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)).

Under § 1404(a), the preliminary question is whether the civil action at issue "might have been brought" in the movant's

3

proposed destination venue. *Volkswagen*, 545 F.3d at 312. "A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. . . ." 28 U.S.C. § 1391(b)(1). Because all Defendants are residents of Texas, and Defendants Fye and Cox are residents of Tarrant County—a county within the Fort Worth Division of the Northern District of Texas—this case "might have been brought" in the Fort Worth Division. Therefore, the preliminary analysis under § 1404(a) is satisfied.

After addressing whether the proposed destination venue is one in which the lawsuit might have been brought, the court must evaluate "whether the destination venue is clearly more convenient than the venue chosen by the plaintiff." *In re Clarke*, 94 F.4th 502, 515 (5th Cir. 2024). To do so, courts weigh four private-interest factors and four public-interest factors. *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). No single factor carries dispositive weight in the analysis. *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023). To prevail on a motion to transfer, the moving party must "adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *Def. Distributed*, 30 F.4th at 433. "This 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Volkswagen*, 545 F.3d at 315. To show "good cause," the moving party must "clearly demonstrate[] the appropriateness of transfer." *Def. Distributed*, 30 F.4th at 434. The court is prohibited from relying on mere "conclusory assertions." *Clarke*, 94 F.4th at 513. When the movant fails to meet its burden, the court cannot weigh a factor against the non-movant and in favor of transfer. *Def. Distributed*, 30 F.4th at 434.

### a. *The Private-Interest Factors*

The four private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process

4

to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Def. Distributed*, 30 F.4th at 433–34.

The first private-interest factor requires the court to evaluate which forum provides easier access to sources of proof. *Def. Distributed*, 30 F.4th at 434. This factor "focuses on the location of 'documents and physical evidence relating to the [case].'" *TikTok*, 85 F.4th at 358 (quoting *Volkswagen*, 545 F.3d at 316). Because "'[t]he question is relative ease of access, not absolute ease of access,' . . . this factor weighs in favor of transfer where [plaintiff's chosen district] lacks any evidence relating to the case." *Id.* (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (per curiam)). "[W]hen 'the vast majority of the evidence [is] electronic, and therefore equally accessible in either forum[,]' this factor bears less strongly on the transfer analysis." *Id.* at 358–59 (quoting *Planned Parenthood*, 52 F.4th at 630). On this factor, the movant must make "an actual showing of the existence of relevant sources of proof, not merely an expression that some sources likely exist in the prospective forum." *Def. Distributed*, 30 F.4th at 434.

Defendants argue that "documents *will likely* need to be gathered" from the location of Limelight's physical store in Tarrant County but that "it is too early into litigation to know if that will be necessary." ECF No. 15 at 3 (emphasis added). Defendants also argue that "the breadth and depth of evidence that will be considered in this case cannot be found in the Southern District of Texas." *Id.* These conclusory statements are insufficient to meet Defendants' burden of making an actual showing that relevant sources of proof exist in the Fort Worth Division. While there may well be evidence in the Fort Worth Division, there is also evidence in the Houston Division—the bankruptcy and Limelight's purchase of Fye Sports Cards' assets occurred in Houston. The

5

relative ease of access is not greater in Fort Worth than in Houston. Therefore, this factor is not met and cannot be weighed against Limelight in favor of transfer.

The second private-interest factor focuses on the availability of compulsory process to secure the attendance of non-party witnesses. *Volkswagen*, 545 F.3d at 315. This factor favors transfer when non-party witnesses are outside the subpoena power of the plaintiff's chosen district, and the destination district has absolute subpoena power for both depositions and trial. *TikTok*, 85 F.4th at 360. However, "the availability of compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *Planned Parenthood*, 52 F.4th at 630–31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 499 (6th Cir. 2016)).

In their motion, Defendants name only three potential witnesses: Defendant Fye, Defendant Cox, and Limelight's principal, David Wallace. ECF No. 15 at 4; ECF No. 22 at 10. These are all parties to this case. There is no evidence to show that there are non-party witnesses who would be willing to testify in Fort Worth but not in Houston, as is required to meet Defendants' burden on this factor. Therefore, this factor is not met and does not weigh in favor of transfer of the case.

The third private-interest factor is "the cost of attendance for willing witnesses." *Def. Distributed*, 30 F.4th at 433. The Fifth Circuit recognizes that "[t]estifying imposes myriad external costs on witnesses," so this factor "attempts to internalize and minimize those costs by favoring the venue that is more convenient from the perspective of willing witnesses." *Clarke*, 94 F.4th at 514. Convenience is assessed as a function of distance. *Id.* "When the distance between an existing venue . . . and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional

distance to be traveled." *TikTok*, 85 F.4th at 361. "It is an 'obvious conclusion' that it is more convenient for witnesses to testify at home and . . . 'additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.'" *Volkswagen*, 545 F.3d at 317 (quoting *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004)). The court must consider the distance that would be traveled by all willing witnesses (party and non-party) identified by the parties. *See id.*

As previously discussed, Defendants identified only three witnesses, all of whom are residents of Tarrant County. It would, of course, be more convenient for all three of these willing witnesses to testify near their homes in the Fort Worth Division as opposed to than more than 260 miles away in the Houston Division. Therefore, the cost-of-attendance factor weighs in favor of transfer.

The fourth private-interest factor instructs courts to consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Def. Distributed*, 30 F.4th at 433–34. Because the inquiry under § 1404(a) "is concerned with the convenience of *parties*, not *attorneys*," it is irrelevant and improper for the court to consider the location of counsel under this factor. *In re Chamber of Com. of U.S. of Am.*, 105 F.4th 297, 306 (5th Cir. 2024) (emphasis in original).

Defendants argue that this factor weighs in favor of transfer because Defendants' counsel lives and works in Tarrant County, and he "will have to expend considerable time and resources to attend all required hearings." ECF No. 15 at 4. Defendants also argue that transfer would impose "little to no increase cost on [Limelight's] counsel because [Limelight's] counsel is a large law firm with offices in major cities in Texas," including Dallas. *Id.*

7

However, because it would be improper for the court to consider the location of the parties' counsel under this factor, the court must reject Defendants' assertions. Therefore, the court finds this factor does not weigh in favor of transfer.

### b. *The Public-Interest Factors*

According to the Fifth Circuit, the public-interest factors that bear on transfer are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Def. Distributed*, 30 F.4th at 435.

The first public-interest factor considers the administrative difficulties that flow from court congestion. *Def. Distributed*, 30 F.4th at 435. When a case appears to be timely proceeding to trial in the district in which the case was filed, this factor typically weighs against transfer. *TikTok*, 85 F.4th at 363. Here, the parties agree that this factor does not support transfer. This case is timely proceeding to trial in the Southern District of Texas, where the case was filed.

The second public-interest factor focuses on the local interest in having localized interests decided at home. *Def. Distributed*, 30 F.4th at 435. This factor contemplates "the significant connections between a particular venue and the events that gave rise to a suit"—not "the parties' significant connections to each forum." *Id.* (citing *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020)). Under this factor, the court considers the relevant factual connections between the venue and the case, including the location of the injury, witnesses, and plaintiff's residence. *Id.*; *TikTok*, 85 F.4th at 364. If plaintiff's chosen venue is "wholly unconnected to the underlying dispute," this factor weighs heavily in favor of transfer. *TikTok*, 85 F.4th at 364.

8

While there are certainly relevant factual connections between this case and the Fort Worth Division, such as the location of Limelight's physical store and the three identified-witnesses' residences, many of the events giving rise to this lawsuit occurred in the Houston Division. The parties' present dispute begins with the Fye Sports Cards bankruptcy—which Defendant Fye filed in the Bankruptcy Court for the Southern District of Texas—and the resulting Asset Purchase Agreement, which closed in Houston. ECF No. 22 at 1, 3–4, 13. Because both Divisions have relevant factual connections to the facts of this case, this factor does not weigh in favor of transferring this case to the Fort Worth Division.

The third public-interest factor concerns the familiarity of the forum with the governing law of the case. *Def. Distributed*, 30 F.4th at 435. This factor carries the most weight when the destination district is in a different state than the transferring district. *Planned Parenthood*, 52 F.4th at 632 n.5. In that circumstance, the destination state's familiarity with the applicable law is especially probative to the transfer analysis. *Id.* When both districts are "equally capable of applying the relevant law," this factor does not weigh in favor of transfer. *TikTok*, 85 F.4th at 365 (citing *Radmax*, 720 F.3d at 289). The Houston Division of the Southern District of Texas and the Fort Worth Division of the Northern District of Texas are equally capable of, and familiar with, the federal and state laws that govern this lawsuit. Therefore, the third public-interest factor does not weigh in favor of transfer.

The fourth public-interest factor aims to avoid "unnecessary problems of conflict of laws [or in] the application of foreign law." *Def. Distributed*, 30 F.4th at 435. Again, because the Fort Worth Division and Houston Division are courts within the same state, of which the state law claims at issue in this case originate, there are

9

no risks of such conflict-of-laws problems. Therefore, this public-interest factor does not weigh in favor of transfer.

Only one of the private-interest factors weighs in favor of transferring the case to the Fort Worth Division of the Northern District of Texas. None of the other factors favor transfer. None of the factors are dispositive, and a movant must show good cause for the district court to disregard the plaintiff's choice of venue and order transfer pursuant to § 1404(a). The court finds that Defendants have not met their burden under § 1404(a). The evidence does not demonstrate that the Fort Worth Division is "clearly more convenient" than the Houston Division, so the court defers to Plaintiff's choice of venue.

### 3. Conclusion

This court finds that under § 1404(a), the private- and public-interest factors, on balance, do not weigh in favor of transferring the case to the Fort Worth Division of the Northern District of Texas. For these reasons, Defendants' Motion to Transfer Venue, ECF No. 15, is **DENIED**.

Signed at Houston, Texas on September 15, 2025.

Peter Bray
United States Magistrate Judge