United States District Court
Southern District of Texas

**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Limelight Trading Cards, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-1562 |
| | § | |
| David Fye, Logan Cox, and | § | |
| Black Label Breaks LLC, | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION
## ON DEFENDANT LOGAN COX'S MOTION
## FOR JUDGMENT ON THE PLEADINGS

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 3. Pending before the court is Defendant Logan Cox's Motion for Judgment on the Pleadings. ECF No. 44. The court recommends that the motion be **GRANTED**. The court will allow Plaintiff one chance to amend the complaint, however, as discussed in more detail below.

The facts of this case were set forth in detail in the court's May 28, 2025 Memorandum and Recommendation and will not be repeated here. Cox moves for dismissal under Federal Rule of Civil Procedure 12(c). The court may dismiss a claim under Rule 12(c) "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). In analyzing the complaint, courts apply the same standard as for Rule 12(b)(6). *Id.* (quoting *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020)).

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Only statements of *fact* are to be taken as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Conclusory allegations are "disentitled . . . to the presumption of truth." *Id.* at 681. Thus, the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations"

nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

Cox argues that Plaintiff Limelight Trading Cards, LLC's (Limelight) Complaint fails to state sufficient facts to support any cause of action against Cox. ECF No. 44 at 4. The court agrees. The Complaint says little more than that Cox was a customer and friend of Defendant David Fye, ECF No. 1 at 3 (¶ 9), and that he encouraged and assisted Fye and his company to commit various wrongful acts, *id.* at 16. Limelight's allegations specific to Cox are entirely conclusory. They amount to nothing more than "threadbare recitals" of the causes of action that Limelight asserts. Limelight makes no effort to distinguish between Cox's conduct and Fye's. Cox was the customer and Fye the business owner. Thus, it is not plausible that Cox's and Fye's conduct was identical or that the theory of liability for each is the same. As is discussed further below, such "group pleading" is not sufficient to survive a motion to dismiss. The court recommends that the Rule 12(c) motion be **GRANTED.**

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, they "must give the court at least some notice of what . . . [their] amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted).

Here, Limelight asks for leave to amend, but does not give any details about what would be included. The court understands that Limelight is alleging that Fye and Cox acted in concert and that Cox committed or encouraged Fye to commit a number of

3

wrongful acts. ECF No. 48 at 3. Limelight also makes many statements of fact in its Response that do not appear anywhere in the live Complaint. *E.g.*, *id.* at 4, 7, 12. It appears that Limelight has other facts at its disposal that could be added to an amended complaint. Under the circumstances, the court will exercise its discretion to allow Limelight to amend its complaint. The amendment should address all the deficiencies identified in Cox's motion. Further leave to address deficiencies already identified will be denied.

The court notes that, while nothing in Rule 8 prohibits so-called "group" pleading, Plaintiff must still place Cox on notice of what acts and wrongs Plaintiff believes he committed. *Cf. Lasslett v. Tetra Tech Constr., Inc.*, No. 2:13-CV-072-AM-CW, 2015 WL 13805125, at \*3 (W.D. Tex. Feb. 20, 2015) (collecting and distinguishing cases); *Pastor v. Guardian Transition, Inc.*, No. H-19-2406, 2019 WL 7879752, at \*6 (S.D. Tex. Sept. 26, 2019) ("[The LLC defendant] correctly argues that Plaintiff's Original Petition alleges only global and conclusory claims against all Defendants together, without specifying any particular tortious acts by [the LLC].").

The current Complaint alleges many actions for which Fye is personally responsible but gives no details whatever about any specific actions for which Cox is personally responsible. Cox is referred to generally as one of the defendants, without attributing any specific conduct to him. It is not plausible that Cox, as Fye's customer and a non-party to the bankruptcy, engaged in conduct identical to Fye's. Nor does it seem plausible, given that Cox and Fye are not even in business together, that the legal basis for Fye's liability would be the same as for Cox. Accordingly, the amended complaint shall distinguish between Cox and Fye whenever possible and shall specify whether and when both defendants

4

committed acts together. **Limelight's amended complaint is due June 12, 2026.**

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn,* 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 2, 2026.

_____
Peter Bray
United States Magistrate Judge