United States District Court
Southern District of Texas

**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Limelight Trading Cards, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-1562 |
| | § | |
| David Fye, Logan Cox, and | § | |
| Black Label Breaks LLC, | § | |
| *Defendants.* | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DENY MOTION FOR DEFAULT JUDGMENT

Pending before the court is Plaintiff Limelight Trading Cards, LLC's (Limelight) Motion for Default Judgment Against Defendant Black Label Breaks LLC (BLB). ECF No. 47. The court recommends that the motion be **DENIED**.

On January 15, 2026, the court granted BLB's counsel's motion to withdraw and ordered that BLB secure new counsel by February 13, 2025. ECF No. 41. The court ordered that Limelight could move for default judgment in the event that BLB failed to hire new counsel. *Id.* BLB failed to hire counsel by the deadline, and Limelight filed its motion for default judgment on March 9, 2026. ECF No. 47. On April 30, 2026, former counsel for BLB entered a notice of appearance stating that he had again been retained by BLB. ECF No. 53.

Judgment by default is a drastic remedy that is disfavored by the courts. *Charlton L. Davis & Co. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977); *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). In determining whether to grant default judgment, the court must determine: (1) if default judgment is procedurally appropriate; (2) if the plaintiff has presented a colorable claim; and (3) how to calculate damages or equitable

relief. *Vela v. M&G USA Corp.*, No. H-17-0013, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020).

To determine whether a motion for default judgment is procedurally appropriate, the court must consider relevant factors, including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The court concludes that entering default judgment under the facts of this case would not be procedurally appropriate. BLB answered this lawsuit, ECF No. 21, and fully litigated a motion for temporary injunction, ECF No. 28. It is true that BLB was without counsel for approximately ten weeks, but it now appears that BLB has counsel and is intending to defend itself. *See* ECF No. 53 (noticing the second appearance of BLB's counsel). Dispositive motions have not yet been filed, and docket call is not until January 15, 2027. Default judgment under these circumstances would be unduly harsh, and the court would likely be obliged to set it aside later. Any minimal prejudice to Limelight can be ameliorated through appropriate court orders, if necessary.

For these reasons, the court recommends that the motion for default judgment be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn,* 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 2, 2026.

_____
Peter Bray
United States Magistrate Judge